1   Timothy J. Casey (#013492)
    SCHMITT SCHNECK SMYTH CASEY & EVEN, P.C.
2   1221 East Osborn Road, Suite 105
    Phoenix, AZ 85014-5540
3   Telephone: (602) 277-7000
    Facsimile:  (602) 277-8663
4   timcasey@azbarristers.com
    Counsel for Defendants Dennis Wilenchik and
5   Becky Bartness

6

7                  **IN THE UNITED STATES DISTRICT COURT**

8                  **IN AND FOR THE DISTRICT OF ARIZONA**

9   MICHAEL LACEY; JIM LARKIN; and        NO.:  CV08-00997-PHX-SRB
    PHOENIX NEW TIMES, LLC,
10
                    Plaintiffs,           **SEPARATE ANSWER OF DEFENDANTS**
11  vs.                                   **DENNIS WILENCHIK AND BECKY**
                                          **BARTNESS TO PLAINTIFFS' SECOND**
12  MARICOPA COUNTY; et al.,              **AMENDED COMPLAINT DATED**
                                          **SEPTEMBER 6, 2013**
13                  Defendants.
                                          (Jury Trial Requested)
14

15

16          For their Separate Answer to Plaintiffs' Second Amended Complaint dated September

17  6, 2013 (referred to hereinafter as "the Complaint" or "Plaintiffs' Complaint"), Defendants

18  Dennis Wilenchik and Becky Bartness (collectively referred to hereinafter in the singular as

19  "Answering Defendant" or "this Answering Defendant") admit, deny, and allege as follows:

20          1.      Admits the Court's jurisdiction and venue and denies all remaining allegations

21  of paragraph numbers 1-4 of Plaintiffs' Complaint.

22          2.      Admits the allegations in paragraph number 6 of Plaintiff's Complaint.

23          3.      Admits only, upon information and belief, that defendant Maricopa County is a

24  public entity formed under Arizona law and lacks knowledge or information sufficient to

25  form a belief as to the truth of the remaining allegations contained within paragraph number

26  7 of Plaintiffs' Complaint and, therefore, denies the same.

27          4.      As for paragraph numbers 8-10, admits only that: (a) upon information and

28  belief that defendant Joseph Arpaio is the duly elected Sheriff of Maricopa County; (b)

Arpaio was and is the head of the Maricopa County Sheriff's Office ("MCSO"); (c) that Sheriff Arpaio was and is the final decision maker for the MCSO; (d) that non-party Andrew Thomas was, at the time set forth in the Complaint, the duly elected County Attorney for Maricopa County; (e) at the time set forth in the Complaint, Andrew Thomas was the head of the Maricopa County Attorney's Office ("MCAO"); (f) Andrew Thomas was, at the time set forth in the Complaint, the final decision maker for the MCAO; and (g) at the time set forth in the Complaint, defendant Wilenchik was a special independent prosecutor for the MCAO acting in the course and scope of that assignment at all times pertinent to the Complaint. This Answering Defendant denies all remaining allegations set forth in these paragraphs.

5.     This Answering Defendant admits only that defendant Becky Bartness is the spouse of defendant Dennis Wilenchik, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbers 11-13 of Plaintiffs' Complaint and, therefore, denies the same.

## FACTUAL BASIS FOR CLAIMS FOR RELIEF

6.     This Answering Defendant denies the allegations set forth in paragraph numbers 15-23, 27- 31, 69, 71-119, and 123-124 of Plaintiffs' Complaint.  In addition, Plaintiffs' Complaint at this section constitutes improper narratives and arguments of counsel and violates F.R.C.P. 8(a) (2) and 8(d) (1) and, therefore, should be stricken in their entirety or amended to conform to the rules of civil procedure.

7.     This Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbers 24, 26, 32-66, 70, and 120-122 of Plaintiffs' Complaint and, therefore, denies the same.

8.     As to paragraph no. 25 of the Plaintiffs' Complaint, this Answering Defendant admits only that then-MCSO Chief Deputy David Hendershott claims under sworn oath to have ordered the arrests of the Plaintiffs, and denies all remaining allegations set forth in this paragraph.

9.     As to paragraph no. 67 of the Plaintiffs' Complaint, this Answering Defendant admits only that he was appointed as an independent special prosecutor/independent special deputy Maricopa County Attorney by non-party Andrew Thomas and that such appointment

SCHMITT  SCHNECK  SMYTH
CASEY & EVEN,  P.C.
Professional
Corporation

was, upon information and belief, approved by the Maricopa County Board of Supervisors. This Answering Defendant denies all remaining allegations set forth in the Complaint.

10.     Upon information and belief, this Answering Defendant admits the allegations set forth in paragraph no. 68 of the Plaintiffs' Complaint

## COUNT I

11.     This Answering Defendant denies the allegations set forth in paragraph numbers 125-131 of Plaintiffs' Complaint, and affirmatively alleges that he acted reasonably and appropriately at all times as an independent special prosecutor/independent special deputy Maricopa County Attorney.

## COUNT III

12.     This Answering Defendant denies the allegations set forth in paragraph numbers 132-146 of Plaintiffs' Complaint.  This Answering Defendants further alleges that Plaintiffs' Complaint does not set forth a claim entitled "Count II."

## COUNT IV

13.     This Answering Defendant denies the allegations set forth in paragraph numbers 147-154 of Plaintiffs' Complaint.

## COUNT V

14.     This Answering Defendant denies the allegations set forth in paragraph numbers 155-160 of Plaintiffs' Complaint.

## COUNT VI

15.     This Answering Defendant denies the allegations set forth in paragraph numbers 161-164 of Plaintiffs' Complaint.

16.     This Answering Defendant denies each and every material allegation contained within Plaintiff' Complaint not heretofore expressly admitted or otherwise pleaded to.

## SEPARATE, ALTERNATIVE AND AFFIRMATIVE DEFENSES

As separate, alternative, and affirmative defenses, this Answering Defendant alleges as follows:

1.     Plaintiffs lack, and do not have, compensable damage(s) under either federal or state law.

2.      Plaintiffs violated A.R.S. § 13-2401(a).

3.      Plaintiffs violated A.R.S. § 13-2812(B).

4.      As to Plaintiffs' state law claims, this Answering Defendant was qualified for the appointment made by then-Maricopa County attorney Andrew Thomas.

5.      As to Plaintiffs' state law claims, this Answering Defendant acted reasonably, appropriately, and in good-faith in each and every respect and met or exceeded the applicable standard of care.

6.      As to Plaintiffs' state law claims, Plaintiffs' alleged injuries and damages, if any, were the result of their own negligence, fault, failure, and/or otherwise wrongful conduct, and Plaintiffs' damages, if any, should be barred or reduced by their own percentage of negligence and/or fault.

7.      This Answering Defendant did not order the arrest of the Plaintiffs; this Answering Defendant alleges that then-MCSO Chief Deputy David Hendershott ordered the arrest of Plaintiffs.

8.      There was probable cause for the arrest of the Plaintiffs ordered by MCSO Chief Deputy David Hendershott.

9.      Plaintiffs fail to state a claim for relied under federal law because this Answering Defendant did not inflict an injury upon the Plaintiffs and there was no constitutional harm inflicted upon the Plaintiffs by Answering Defendant.

10.      Plaintiffs fail to state a claim for relief under state law against this Answering Defendant.

11.      This Answering Defendant was not a moving force behind the alleged violation of Plaintiffs' constitutional rights.

12.      This Answering Defendant is entitled to absolute prosecutor immunity or qualified immunity.

13.      This Answering Defendant affirmatively alleges that the Plaintiffs are not entitled to a damage award violative of this Answering Defendants' due process and equal protection rights and other rights set forth in the United States Constitution or rights under the Arizona Constitution.  This Answering Defendant expressly reserves any and all

SCHMITT SCHNECK SMYTH
CASEY & EVEN, P.C.
Professional
Corporation

constitutional defenses, claims, and arguments against the imposition of punitive damages against it or the amount of same or in any other manner relating to punitive damages.

14. This Answering Defendant reserves its right to assert any and all additional factual and/or legal defense to Plaintiffs' liability claims as discovered or developed throughout the course of this litigation.

15. This Answering Defendant demands a jury trial.

WHEREFORE, having fully answered Plaintiffs' Complaint, this Answering Defendant requests the following relief:

1. That Plaintiffs' Complaint be dismissed with prejudice as against this Answering Defendant;

2. That Plaintiffs take nothing and be denied all their requested relief;

3. That this Answering Defendant be awarded all costs and attorney's fees incurred herein; and

4. For such other and further relief as the Court might deem appropriate.

RESPECTFULLY SUBMITTED this 23rd day of September, 2013.

SCHMITT SCHNECK SMYTH
CASEY & EVEN, P.C.


By:     s/Timothy J. Casey_____
         Timothy J. Casey
         1221 East Osborn Road, Suite 105
         Phoenix, AZ 85014
         Attorney for Defendants Dennis Wilenchik and
         Becky Bartness


**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael C. Manning, Esq.
STINSON MORRISON HECKER LLP
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004
Attorneys for Plaintiffs

SCHMITT  SCHNECK  SMYTH
CASEY & EVEN,  P.C.
Professional
Corporation

1  William R. Jones, Esq.
Eileen GilBride, Esq.
2  JONES SKELTON & HOCHULI, P.L.C.
2901 N. Central Avenue, Suite 800
3  Phoenix, AZ  85012
Attorney for Defendant Joseph Arpaio
4

*s/Eileen Henry*
5  Paralegal,
Schmitt Schneck Smyth Casey & Even, P.C.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHMITT  SCHNECK  SMYTH
CASEY & EVEN,  P.C.
Professional
Corporation

6